## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

[signature]
LOIS BLOOM
United States Magistrate Judge

Dated: September 5, 2007
Brooklyn, New York

10/10/07
The Court adopts this recommendation. Inquest on damages deferred until resolution of remaining claims.

[signature]
s/ Judge Raymond J. Dearie
USDJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
MAURICE DUDLEY,

Plaintiff,

-against-

CORRECTION OFFICER TRENT PENDAGRASS; VALERIE MEEKINS; THE CITY OF NEW YORK; P.O. SUAREZ; P.O. LEITER; P.O. JOHN DOE; M.D. JOHN DOE; M.D. BOB DOE; and SERGEANT JOHN DOE,

Defendants.
-------------------------------------------------X

**REPORT AND RECOMMENDATION**
**06 CV 216 (RJD) (LB)**



**BLOOM, United States Magistrate Judge:**

By letter dated August 25, 2007, plaintiff requests that the Court "find out why . . . def. Valerie Meekins and def. Tren[t] Pendagrass has [sic] not been held in default by this court for failure to respond." Docket entry 34. Liberally construed, plaintiff requests that the Court enter a default judgment against these two defendants. Pursuant to 28 U.S.C. § 636(b), I hereby recommend that plaintiff's request should be granted and the Court should enter a default judgment against defendants Trent Pendagrass and Valerie Meekins ("Pendagrass and Meekins").[1]

Plaintiff filed proof that service of process was effected on Pendagrass and Meekins on July 22, 2006. See docket entry 8. The Court denied plaintiff's December 1, 2006 motion for default judgment as to defendants Pendagrass and Meekins in an Order which directed plaintiff to show cause for his failure to appear at the December 7, 2006 initial conference and rescheduled the conference to January 11, 2007. Plaintiff appeared at the rescheduled initial conference on January

[1] The City of New York and individual defendant Suarez have appeared in this case and the Court has entered a schedule for the filing of these defendants' motion for summary judgment.



11, 2007 and the Court directed defendants to answer the complaint. All defendants other than Pendagrass and Meekins answered the complaint, and the Court set May 15, 2007 as the deadline for the parties to complete all discovery. However, Pendagrass and Meekins failed to respond to the complaint in this action. Plaintiff raised the issue at the telephone discovery conference held on May 15, 2007.

On May 17, 2007, I ordered Pendagrass and Meekins to show cause in writing by June 15, 2007 why they failed to answer plaintiff's complaint, and warned that should they fail to show cause by that date, I would recommend that the Court should enter a default judgment against them pursuant to Federal Rule of Civil Procedure 55(a). By letter dated May 23, 2007, Pendagrass and Meekins stated that after they were served with plaintiff's complaint, they contacted an attorney and "were advised that, it would not be necessary . . . to respond to this action because a case was just settled involving Mr. Dudley therefore, making a response to this action was unnecessary." See docket entry 26. By Order dated June 6, 2007, I stated that Pendagrass and Meekins had received incorrect legal advice, and ordered them to respond to plaintiff's complaint by July 6, 2007.

## CONCLUSION

Pendagrass and Meekins have failed to respond to plaintiff's complaint. The Court's Orders specifically warned defendants that if they failed to respond to plaintiff's complaint by July 6, 2007, I would recommend that the Court should enter a default judgment against them. Accordingly, I hereby recommend that the Court should enter a default judgment against Pendagrass and Meekins pursuant to Fed. R. Civ. P. 55(a).[2]

---

[2] The Clerk of Court shall mail a copy of this Order to Pendagrass and Meekins at 390 Lexington Avenue, Apt. 2B, Brooklyn, NY 11216, the return-address listed on their letter dated May 23, 2007 and on the return of service plaintiff filed with the Court.