UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MAURICE DUDLEY,

              Plaintiff,

- against -

CORRECTION OFFICER TRENT
PENDAGRASS; VALERIE MEEKINS; THE
CITY OF NEW YORK; P.O. SUAREZ; P.O.
LEITER; P.O. JOHN DOE; M.D. JOHN DOE;
M.D. BOB DOE; and SERGEANT JOHN DOE,

              Defendants.

-----------------------------------------------------------X

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO
VACATE DEFAULT JUDGMENT
06 CV 216 (RJD) (LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiff, Maurice Dudley, brings this *pro se* action for false arrest and imprisonment, excessive force, and deliberate indifference to serious medical need pursuant to 42 U.S.C. § 1983 ("§ 1983") seeking declaratory and injunctive relief as well as monetary damages. On October 18, 2007, the Court adopted my Report and Recommendation that a default judgment should be entered against defendants Meekins and Pendergrass.[1] By letter dated October 22, 2007, Meekins and Pendergrass requested reconsideration, stating that they did not receive the Court's Orders, and on November 9, 2007, the Court afforded them ten days to file a properly supported motion to vacate a default judgment pursuant to Federal Rule of Civil Procedure 55(c). Counsel for Meekins and Pendergrass now moves to vacate the default judgment against them. Plaintiff opposes their motion. It is respectfully recommended in accordance with 28 U.S.C. § 626(b) that Meekins and Pendergrass's motion should be granted for the following reasons.

---

      [1] Incorrectly sued as "Pendagrass."



## BACKGROUND

Plaintiff's complaint alleges that on January 15, 2003, he encountered defendants Valerie Meekins ("Meekins") and Trent Pendergrass ("Pendergrass") in the Bedford Stuyvesant neighborhood of Brooklyn where he was working that day. Plaintiff alleges that Meekins and Pendergrass stepped in front of the truck he was driving to provoke a physical confrontation. Plaintiff further alleges that later that day, based on this confrontation, an unidentified officer falsely arrested and falsely imprisoned him for violating an order of protection to stay away from Meekins. Plaintiff further alleges that while detained at the police station, unidentified officers used excessive force to remove his shoelaces and belt, and that he was thereafter denied medical attention. Plaintiff has filed four prior cases alleging that Meekins, the estranged mother of his two children, has repeatedly filed false complaints against him and has used her position as a corrections officer to have him arrested.[2]

## PROCEDURAL HISTORY

Plaintiff filed his original complaint on January 13, 2006. On February 10, 2006, plaintiff's claims against defendants the State of New York, New York City Police Department, New York City Department of Corrections, Assistant District Attorney Evelyn Laporte, Wanda Fields and Robert Talentola were dismissed. Plaintiff's remaining claims were allowed to proceed and the Court directed plaintiff to serve the summons and complaint upon defendants pursuant to Fed. R. Civ. P. 4(m). Plaintiff filed proof of service that process was effected on defendants Meekins and

---

[2] Plaintiff has named Meekins as a defendant in at least four actions in this Court. Three of these actions, Dudley v. Meekins, et al., 98-CV-3237; Dudley v. New York City Department of Corrections, et al., 98-CV-5215; and Dudley v. New York State, et al., 01-CV-8536, were resolved by a settlement agreement so ordered by the Court on November 27, 2002. Plaintiff also named Meekins as a defendant in Dudley v. Torres, 05-CV-1729 (case dismissed on May 21, 2008).

Pendergrass on July 22, 2006. The Court denied plaintiff's initial motion for default judgment as to Meekins and Pendergrass. Defendants the City of New York and Suarez answered plaintiff's complaint, the parties conducted discovery, and these defendants have moved separately for summary judgment.[3] Meekins and Pendergrass never responded to the complaint.

On May 17, 2007, I ordered Meekins and Pendergrass to show cause in writing by June 15, 2007 why they failed to respond to plaintiff's complaint, and warned that should they fail to show cause by that date, I would recommend that the Court should enter a default judgment against them pursuant to Fed. R. Civ. P. 55(a). By letter dated May 23, 2007, Meekins and Pendergrass stated that after they were served with plaintiff's complaint, they contacted an attorney and "were advised that, it would not be necessary . . . to respond to this action because a case was just settled involving Mr. Dudley therefore, making a response to this action was unnecessary." On June 6, 2007, I issued an Order which stated that Meekins and Pendergrass had received incorrect information, and ordered them to respond to plaintiff's complaint by July 6, 2007. They failed to do so.

On September 5, 2007, I recommended that the Court should enter a default judgment against Meekins and Pendergrass.[4] No objections were filed. On October 18, 2007, the Court adopted my Report that a default judgment should be entered against Meekins and Pendergrass and deferred an inquest on damages until resolution of the remaining claims.

---

[3] The Court enters a separate Report and Recommendation to address the City of New York and Police Officer Suarez's motion for summary judgment.

[4] The R&R was mailed to Meekins and Pendergrass at 390 Lexington Avenue, Apt. 2B, Brooklyn, NY 11216, the same return-address listed on their letter dated May 23, 2007 and on the return of service plaintiff filed with the Court.

By letter dated October 22, 2007, Meekins and Pendergrass stated that "there have been times that I did not receive my mail" and that "a chance to respond would be greatly [] appreciated." On November 9, 2007, the Court held that Meekins and Pendergrass's one-page letter stating that they did not receive the Court's June 6, 2007 Order was insufficient to relieve them from their default, but nonetheless afforded them ten days to file a properly supported motion to vacate a default judgment pursuant to Fed. R. Civ. P. 55(c). On November 15, 2007, counsel filed a notice of appearance on Meekins and Pendergrass's behalf, and now moves on their behalf to vacate the default judgment against them. Plaintiff opposes their motion.[5]

## DISCUSSION

Under Rule 55(c), a court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). "[A]ffording a defendant an opportunity to move to vacate [an entry of default] pursuant to Rule 55(c) is the preferable course because it avoids the need to prepare for and pursue a damage hearing in those instances where the Rule 55(c) motion is granted." Meehan v. Snow, 652 F.2d 274, 276 n. 5 (2d Cir. 1981).

"In deciding a motion to vacate a default judgment, the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (citations omitted). The Court may also consider "relevant equitable factors, including

---

[5] The Court construes plaintiff's letter dated December 4, 2007 (docket entry 49) as his opposition to Meekins and Pendergrass's motion (hereinafter "Pl. Opp."). The Clerk of Court shall therefore terminate plaintiff's "Motion to Stay Default Judgment." See docket entry 50.

4

whether failure to appear was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" Raheim v. New York City Health and Hospitals Corp., No. 96-CV-1045 (JFB)(CPP), 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). In general, courts disfavor default judgments, preferring to adjudicate cases on their merits. See Percasky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). See also Enron Oil Corp., 10 F.3d at 98 ("[Be]cause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.").

Willfulness

Meekins and Pendergrass argue that they "did not willfully flout the Court's Orders, have a meritorious defense against plaintiff's claims, and, should they be allowed to answer, will not prejudice plaintiff's case." Memorandum of Law of Defendants Meekins and Pendergrass in Support of Their Motion to Set Aside the Entry of Default (hereinafter "Def. Mem.") at 5. Specifically, Meekins swears as follows:

> Regarding this lawsuit, please note that while I received Judge Bloom's first order, directing me to explain why I had not answered the complaint, I never received any of Judge Bloom's other orders. This most likely is because the mailboxes in my apartment complex is [sic] routinely broken; apparently, the post office will not deliver mail if the boxes are broken. The only order I then received was Judge Dearie's informing me that a default was to be entered. Please note that I immediately responded, as I had to Judge Bloom's first order. I do not want an entry of default against me.

Declaration of Valerie Meekins ("Meekins Decl.") ¶ 13. In addition, Pendergrass swears that

5

> I have never received copies of any of the Court's orders in this case. I know of the orders only through Ms. Meekins. The only orders she has informed me of is [sic] the first order from Judge Bloom and the most recent order from Judge Dearie. As soon as we received these orders, we responded as required. We have no intention of defaulting in this case. As we have always maintained, we would appreciate the opportunity to answer.

Declaration of Terrence Pendergrass ("Pendergrass Decl.") ¶ 2. Meekins and Pendergrass further argue that their hastily filed letters to the Court dated May 23, 2007 (responding to the Court's May 17, 2007 Order to show cause) and October 22, 2007 (responding to the Court's October 18, 2007 Order adopting my Report that a default judgment should be entered against them) show they did not willfully flout the Court's Order. "[E]vidence that a defendant has been in communication with the Court establishes the absence of any willfulness to default." Def. Mem. at 5 (citing Pecarsky, 249 F.3d at 171-72).

In his opposition, plaintiff states that "[t]he only truth to this matter that been [sic] provided by defendant Valerie Meekins is her address[.] [E]verything else is a [sic] much reading a Steven Spielberg story book." Pl. Opp. at 1. Specifically, plaintiff states that he "obtained information" from Meekins and Pendergrass's building management office that there "has [not] been any complaint, any work order report, any information to its Management Office [] concerning a broken mail box, problem with receiving mail, etc." Plaintiff asks "why would anyone who [sic] facing legal action and seeking other mail allow their mail box to improper [sic] to receive mail for months without placing a work order or complaint." Pl. Opp. at 8.

The Court has no way to tell whether Meekins and Pendergrass did or did not receive the Court's prior Orders. Plaintiff's frustration with Meekins and Pendergrass's excuse is shared by the Court. Meekins's lack of diligence in inquiring about this lawsuit is hard to fathom considering the

6

lengthy litigation history between plaintiff and Meekins. However, in light of the letters Meekins and Pendergrass wrote to the Court on May 23 and October 22, 2007, each within several days of Court Orders and each expressing a desire to proceed, "the Court must resolve any doubt about [defendants'] willfulness in [their] favor." Raheim, 2007 WL 2363010, at *4 (citing Enron Oil Corp., 10 F.3d at 98). Therefore, the Court reluctantly credits that defendants did not wilfully flout the Court's Orders.

Meritorious Defense

Meekins and Pendergrass argue that their declarations are evidence that "if proven at trial, would constitute a complete defense" to plaintiff's claims. Def. Mem. at 5 (quoting Pecarsky, 249 F.3d at 173). To satisfy the meritorious defense factor under Rule 55(c), "a defendant must go further than alleging that a defense exists. Instead, the defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted." Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, No. 05 Civ. 10098(CSH), 2006 WL 2850210, at *1 (S.D.N.Y. Oct. 4, 2006) (quoting 10 James Wm. Moore et al., Moore's Federal Practice, § 55.50[1][b][ii] (3d ed.2005)).

Meekins states that "Maurice claims that on January 15, 2003, I hit him with a pen, pulled him by his collar, and that Mr. Pendergrass punched him twice in the head. This is a flat out lie." Meekins. Decl. ¶ 7. Pendergrass states

> Concerning that January 15, 2003 incident, I never touched plaintiff. His claim that I punched him twice in the back of the head is a fabrication. Interestingly, at the time of the incident, he never reported to any of the police officers that I had done so. I believe this is his way of pulling me into this lawsuit. There is no other explanation for my name appearing as the first defendant in this case.

Pendergrass Decl. ¶ 3. Meekins and Pendergrass further argue that their testimony, if believed by a jury, would constitute a complete defense to plaintiff's assault allegations against them. They admit that they reported plaintiff's violation of the order of protection to the police, but argue that "plaintiff's guilty plea completely bars his claims for their participation in his subsequent arrest and prosecution." Def. Mem. at 6.

Meekins and Pendergrass's declarations satisfy the meritorious defense factor under Rule 55(c). If believed at trial, their testimony would serve to defend against plaintiff's claims.

Prejudice to Plaintiff

"A plaintiff may demonstrate prejudice by showing that his 'ability to pursue the claim has been hindered since the entry of the judgment' or by 'the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" Raheim, 2007 WL 2363010, at *5 (quoting Farrell v. Cty. Van & Storage, Inc., No. 96-CV-1174 (ILG), 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996)) (internal citations omitted).

Meekins and Pendergrass argue that "delay alone is insufficient to establish prejudice," see Def. Mem. at 6 (citing Enron Oil Corp. 10 F.3d at 98.), and that they are ready and willing to go to trial, see Meekins Decl. ¶ 14; Pendergrass Decl. ¶ 4. In his opposition, plaintiff states that "[i]t is clear and convincing that plaintiff would be prejudice [sic] . . . if the decision to set aside a default judgment is granted in this action." Pl. Opp. at 5.

Although plaintiff has litigated this most recent action against Meekins (and Pendergrass) for more than two years, plaintiff does not attest that his "ability to pursue the claim has been hindered" or that there is a risk of "loss of available evidence" or "increased potential for fraud or collusion."

8

As "delay alone is not a sufficient basis for establishing prejudice," see Enron Oil Corp. 10 F.3d at 98, plaintiff has not established that he would be prejudiced here.

Equitable Factors

Meekins and Pendergrass argue that the equities are in their favor as they have been pursuing this action *pro se*. This argument is not convincing as Meekins and Pendergrass's "pursuit" to date has consisted only of two letters to the Court professing their wish to proceed and the instant motion to vacate the default judgment entered against them. Meekins and Pendergrass also cite the lengthy history of litigation brought by plaintiff against Meekins.

Plaintiff states that

> The information provided by these defendants through their declaration seeking to set aside a default judgment is a crying shame and would be a total embarrassment if this court allow [sic] these defendants to prevail on setting aside a default judgment after their actions towards this plaintiff, Maurice Dudley a citizen veteran of the United States.

Pl. Opp. at 1. The Court is not unsympathetic to plaintiff's frustration. However, as courts must favor adjudication of cases on their merits, see Percasky, 249 F.3d at 174, and resolve doubts regarding default judgments "in favor of the defaulting party," see Enron Oil Corp., 10 F.3d at 98, the Court should grant reconsideration and vacate the default.

## CONCLUSION

It is respectfully recommended that defendants Meekins and Pendergrass's motion to vacate the default judgment against them should be granted. If this recommendation is adopted, defendants shall respond to plaintiff's complaint within twenty days and shall cooperate in conducting discovery.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985). SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: August 14, 2008
Brooklyn, New York